## IRONS v. MANUFACTURERS' NAT. BANK *et al.*

*(Circuit Court, N. D. Illinois.* December 3, 1888.)

1. GUARANTY—RELEASE.
    A bank guarantied the payment of notes executed by P., and discounted for the bank by defendant, which were secured by trust deeds. Upon the liquidation of the bank, dealings were had by which the real estate held as security was transferred to the president of the bank in liquidation, who assumed to act for the bank, and he executed his notes for the amount of P.'s indebtedness, and P., in consideration of a quitclaim deed, was released from all liability on the notes. *Held,* that his release operated to release the guaranty by the bank.
2. JUDGMENT—RES ADJUDICATA.
    A judgment obtained by defendant on the bank's guaranty, after the bank had gone into liquidation, is not conclusive on the stockholders of the bank, who are shown to have had no knowledge of the release at the time the judgment was obtained.
3. BANKS—NATIONAL BANKS—LIQUIDATION—COSTS.
    In proceedings against the stockholders of a national bank that has gone into liquidation, to ascertain and recover assessments for the indebtedness, the stockholders are liable for costs as if they were co-defendants in any ordinary action.
4. SAME.
    Where the proceedings are being prosecuted by one creditor as representative of all, and the stockholders appeal from a decree against them, which decree is reversed, with costs, the costs incurred by appellee in defense of the appeal will be deducted before any dividend will be declared.

In Equity. On exceptions to report of master.
*D. J. Schuyler* and *Henry B. Mason*, for creditors and receiver.
*Harvey B. Hurd* and *Henry G. Miller*, for defendants.
*Charles W. Thomas* and *F. A. McConaughy*, for claimant.

BLODGETT, J. This cause was referred to one of the masters of the court to ascertain and report the amount of indebtedness owing by the defendant bank, and the amount of assessment to be made against the stockholders of the bank for the purpose of paying such indebtedness, in conformity with the opinion of the supreme court, when this cause was before that court on appeal, which is reported in 121 U. S. 27, 7 Sup. Ct. Rep. 788. The report of the master has been filed, and all parties seem satisfied with his findings, except the People's Bank of Belleville, who had presented a large claim against the bank, which the master has disallowed, and exceptions are filed by this claimant; the substance of these exceptions being that the master has erred in finding that the defendant bank is not liable on this claim. This claim of the People's Bank of

Belleville is based upon a guaranty of payment, made by the Manufacturers' National Bank, of eight notes of $5,000 each, given by Henry E. Pickett, dated August 5, 1873, and due in one year from date, which were discounted for the Manufacturers' National Bank, soon after their date, by the People's Bank of Belleville. These notes were secured by a trust deed upon land in the vicinity of the city of Chicago. The Manufacturers' National Bank suspended payment, and went into voluntary liquidation on or about the 23d of September, 1873; and when these notes matured, about a year afterwards, dealings were had between the People's Bank of Belleville and Ira Holmes, then acting as president of the Manufacturers' National Bank, in liquidation, and assuming to act also for his bank, by which the title to the real estate held as security for the payment of these notes was transferred to Holmes, and Holmes thereupon gave his notes for the amount due on the Pickett notes, and also for a large amount of other indebtedness held by the People's Bank, on which the Manufacturers' National Bank, or Holmes, or both, were liable; and, as is found by the master, Pickett, in consideration of a quitclaim from himself and wife to Holmes, of the land covered by the trust deed securing his notes, was released from further liability on these notes. The master found that this release of Pickett from the notes which the Manufacturers' National Bank had guarantied, operated to release the guarantor, and hence the master rejected the claim.

I do not intend to go into an analysis or statement of the proof upon which the master made his finding, as it will be sufficient to say that I have examined these proofs, and am of opinion that they fully sustain the master's conclusions. It is urged, however, that as the proof shows that the People's Bank of Belleville brought suit on this guaranty now in question, and obtained judgment thereon, that such judgment is conclusive against the defendants in this case, who are stockholders in the Manufacturers' National Bank against whom an assessment is asked. Aside from the authorities cited, which satisfy me that the stockholders of the Manufacturers' National Bank are not concluded by this judgment, which was rendered after the bank went into liquidation, I think the facts shown in this record, that the dealings between the People's Bank of Belleville and Holmes and Pickett, by which Pickett was released, were unknown to the defendant stockholders at the time this judgment was rendered, should allow these stockholders to go behind the record of that judgment, and raise the question before the court in this suit whether the guaranty was released by the release of Pickett, the principal debtor, whose notes were guarantied. The exceptions to the master's report are therefore overruled, and the report confirmed.

Two other questions were suggested upon the final argument of the case, which it becomes necessary to say a word upon. The first is as to who is liable for the costs incurred in this case against the stockholders. After a careful consideration of that question, I have come to the conclusion that these defendant stockholders all stand in the condition of any ordinary defendants as common or joint defendants, and the costs must be borne by them as if they were co-defendants in any ordinary suit.

Another question that was raised was in regard to the costs of the appeal which was taken by the stockholders from the decree formerly entered in this case. The former decree was reversed on this appeal, and the appellants in that case recovered costs against the appellee. The appellee also incurred expenses in the printing of records and briefs, etc., upon this appeal, all of which it would be unjust to charge against Mrs. Irons, the complainant in this case, because she stands merely in a representative capacity, prosecuting this suit for the benefit of the creditors of the bank; and hence it ⁓⁓ms to me that it is just, and I shall have it so provided in the decree, that, on the payment of the money assessed against the stockholders into the hands of the clerk of the court, the clerk first ascertain the amount of costs which were recovered against the appellee, and also tax the costs which the appellee incurred in the defense of that appeal, and deduct, before any dividend is made to the creditors, the expenses thus incurred. This will protect Mrs. Irons, I think, which should properly be done. A decree may also be prepared, directing the defendant stockholders to pay, and I presume it will be more convenient for them—(this is merely a suggestion of my own, and has not been made by their counsel)—and my suggestion is that an installment of 25 per cent. be paid in 30 days, an installment of 25 per cent. in 60 days, an installment of 25 per cent. in 90 days, and the balance in 120 days; making the decree all paid up in 120 days. If this is not desired by the counsel representing stockholders, a decree may be made for the payment of the whole amount in 60 days. The counsel may consult together about that. The clerk will, under the direction of the master, tax the costs that were necessarily incurred against the defendants in resisting the claim of the People's Bank of Belleville, and the decree will adjudge these costs to be paid by the People's Bank of Belleville; but the cost of the master's fees upon this reference may go into the general costs of the case, because it is impossible to divide it, and see how much of the labor done by the master upon this reference was given to the claim of the People's Bank of Belleville, and how much to the general adjustment against each stockholder.